1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ROBERT BRIAN STONE,

                     Plaintiff,

     v.

YSIDRO BECERRA, Correctional
Unit Supervisor; SERGEANT C.
ADAMS; and G. STARR, a
Correctional Officer;

                   Defendants.

NO:  CV-10-138-RMP

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT

## I. INTRODUCTION

    Before the Court is Defendants' Motion to Dismiss Plaintiff's First

Amended Complaint, **ECF No. 30**.  The Court has reviewed the relevant

documents, including Plaintiff's amended complaint and accompanying exhibits,

ECF No. 29, Defendants' motion, ECF No. 30, Defendants' brief, ECF No. 31,

Plaintiff's response, ECF No. 33, and Defendants' reply, ECF No. 35, and is fully

informed.  Plaintiff proceeds *pro se*, and the Washington State Attorney General

represents Defendants.  ECF Nos. 29; 30.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT ~ 1

This matter is a prisoner's civil rights action arising under 42 U.S.C. § 1983. The Court dismissed Plaintiff's original complaint on November 8, 2010, because the Plaintiff failed to exhaust administrative remedies and failed to state a claim upon which relief could be granted.  ECF No. 28.  The Court granted leave to amend.  ECF No. 28.  Plaintiff amended his complaint on November 24, 2010, alleging that Defendants violated his First Amendment right to petition the government for a redress of grievances by depriving him of an honest and meaningful administrative review, and by retaliating and conspiring against him because he utilized his administrative remedies.  ECF No. 29.

Defendants again move this Court to dismiss Plaintiff's amended complaint for failure to state a claim upon which relief can be granted.  ECF No. 30.

## II. BACKGROUND

At the time that he filed his complaint, Plaintiff Robert Stone was in custody with the Washington State Department of Corrections ("DOC") at the Airway Heights Correction Center.  ECF No. 29 at 2.  Defendants Correctional Unit Supervisor Ysidro Becerra ("C.U.S. Becerra"), Sergeant Larry C. Adams ("Sgt. Adams"), and Correctional Officer Gregory Starr ("Officer Starr") (collectively, "Defendants") are all DOC officials.  ECF No. 29 at 2-3.

The Washington State Offender Grievance Program allows inmates to file grievances regarding aspects of their incarceration, such as "institution policies,

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 2

rules and procedures"; "actions of staff"; and "retaliation by staff for filing grievances[.]" ECF Nos. 14 at 2; 14-4 at 3.  The program allows an inmate to appeal his grievance(s) to two higher levels if he is not satisfied with the DOC's initial response.  ECF No. 14-4 at 5.

### *(1) Events giving rise to Mr. Stone's amended complaint*

A comprehensive timeline with details of the alleged events relating to Mr. Stone's original complaint appears in the Court's Order Granting Defendants' Motion to Dismiss the original complaint.  ECF No. 28 at 28-32.  The factual details will not be repeated in this order, except as necessary; however, a revised version of the timeline that incorporates new information from the amended complaint is included as Appendix A at the end of this order.

### III. STANDARD FOR DISMISSAL

Under Rule 12(b)(6), a court must dismiss a complaint that "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court may, in its discretion, dismiss a prisoner's complaint with or without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1124 (9th Cir. 2000).

# IV. DISCUSSION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of this requirement is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 44, 47 (1957).  A complaint fails to meet this standard and is subject to dismissal under Rule 12(b)(6) when it lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949.  The complaint must contain enough factual content to "nudge[] the[] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Courts hold pleadings of *pro se* inmates to "less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  Thus, courts should "continue to construe *pro se* filings liberally." *Id.*

The Court addresses each of Mr. Stone's three claims in turn.

**Mr. Stone's claim of deprivation of honest and meaningful administrative review**

Mr. Stone's first claim alleged in the Amended Complaint states that Sgt. Adams knowingly made a false statement on October 7, 2008, during investigation

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 4

of Grievance 1 (ECF No. 29 at 7). Mr. Stone claims that this false statement

violated Mr. Stone's Constitutional right, specifically his first amendment right, to

petition the government for redress of his grievance by depriving him of honest

and meaningful administrative review of that grievance. ECF No. 29 at 7.

A plaintiff asserting a claim for a civil rights violation under § 1983 must

"(1) allege the deprivation of a right secured by the federal Constitution . . . , and

(2) allege that the deprivation was committed by a person acting under color of

state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Here, Mr. Stone cannot meet the first requirement because there is no

constitutional right to receive a particular kind of administrative review in a prison

grievance program. *See Ramirez v. Galoza*, 334 F.3d 850, 860 (9th Cir. 2003)

(concluding that an inmate's "claimed loss of a liberty interest in the processing of

his appeals" failed to establish a § 1983 action "because inmates lack a separate

constitutional entitlement to a specific prison grievance procedure"); *Mann v.

Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (denying rehearing on a prisoner's

§ 1983 action challenging the timing and efficiency of grievance procedures

because "[t]here is no legitimate claim of entitlement to a grievance procedure").

In sum, Mr. Stone alleges as support for his § 1983 claim that he was

deprived of honest and meaningful administrative review in his grievance

procedure. However, even viewing the facts alleged by Mr. Stone in the light most

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT ~ 5

favorable to him, the Court finds that  Mr. Stone does not identify a constitutional right that has been violated, which is a required element of a § 1983 claim. Therefore, Mr. Stone has failed to state a claim on which relief can be granted.

**Mr. Stone's retaliation claim**

Second, Mr. Stone alleges that, between November 26 and December 20, 2008, Officer Starr retaliated against him by (1) searching his cell, ECF No. 29 at 10; (2) knowingly issuing him a false infraction and threatening him with disciplinary segregation, ECF No. 29 at 13-15; and (3) knowingly issuing him a second false infraction, ECF No. 29 at 17-19.  Mr. Stone alleges that Defendants intended these retaliatory acts to punish him for pursuing his grievances, ECF No. 29 at 7-19.

A First Amendment retaliation claim under § 1983 requires five elements:

(1) An assertion that a state actor took some adverse action against an inmate; (2) because of; (3) that prisoner's protected conduct, and that such action; (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

**(1) Retaliatory cell search, November 26, 2008**

Mr. Stone alleges that Officer Starr searched his cell to retaliate against him by punishing him for pursuing Grievance 1, ECF No. 29 at 9.  The issue is the second element of a prisoner retaliation claim, which concerns "retaliatory

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 6

motive." *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). As to this element, a plaintiff must show that his or her protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." *Id.* (quoting *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)).

To survive a motion to dismiss, a plaintiff must plead enough facts to plausibly establish a defendant's retaliatory motive. *See id.*; *Iqbal*, 129 S. Ct. at 1949; *compare Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (concluding that, while the timing of adverse actions can be circumstantial evidence to establish a retaliatory motive, timing alone did not "support the inference" of retaliatory motive); *with Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) (concluding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by showing suspect timing supplemented by statements and other evidence).

Furthermore, a retaliation claim is not plausible if there are "more likely explanations" for the action. *Iqbal*, 129 S. Ct. at 1951; *see, e.g.*, *Pratt*, 65 F.3d at 808 (concluding that allowing an inmate to be closer to his family was a more likely explanation for his transferal than retaliation).

In his complaint, Mr. Stone must allege enough facts to plausibly establish Officer Starr's retaliatory motive. *See Iqbal*, 129 S. Ct. at 1949; *Brodheim*, 584 F.3d at 1271. Mr. Stone alleges Officer Starr took adverse action by directing and

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 7

participating in a retaliatory search of Mr. Stone's cell on November 26, 2008. ECF No. 29 at 9.  Mr. Stone also alleges Officer Starr operated with "intent to punish" Mr. Stone because he pursued Grievance 1.  ECF No. 29 at 10.  Mr. Stone supports this assertion by alleging that the events of the prior 24 hours reveal Officer Starr was motivated by Mr. Stone's use of the grievance program.  ECF No. 29 at 12.  Specifically, Mr. Stone alleges that motivating factors emerged where C.U.S. Becerra spoke with Officer Starr about Mr. Stone's e-mail complaints regarding Officer Starr's count procedures, and where Officer Starr again woke Mr. Stone during count time to ask, "Where is your cellie?"  ECF No. 29 at 9.

The timing of C.U.S. Becerra's conversation with Officer Starr and Officer Starr's subsequent waking of Mr. Stone at count time, without more, is insufficient to support the inference that Officer Starr acted with retaliatory motive when he searched Mr. Stone's cell.  However, Mr. Stone has not offered any evidence other than timing.  Additionally, more likely explanations for the cell search are that it was actually random, ECF No. 29 at 11, or that it was based on suspicion in light of prior discovery of contraband in that cell, ECF No. 31 at 7-8.

Mr. Stone failed to state sufficient facts to support a retaliation claim. Therefore, Mr. Stone has failed to state a claim on which relief can be granted.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 8

### *(2) Retaliatory false infraction and segregation threat, November 28, 2008*

Mr. Stone alleges that Officer Starr knowingly issued him a false infraction and threatened him with disciplinary segregation to retaliate against him by punishing him for pursuing Grievance 1.  ECF No. 29 at 13-15.  The main issue here is the first element of a prisoner retaliation claim, which concerns "adverse action." *Rhodes*, 408 F.3d at 567-68; *see, e.g.*, *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (concluding an inmate stated a retaliation claim where he suffered the adverse action of transfer for assisting other prisoners with legal issues).  As to this element, sometimes "the mere threat of harm can be an adverse action, regardless of whether it is carried out." *Brodheim*, 584 F.3d at 1266, 1270 (finding an adverse action where a prison official implied a threat of transfer or disciplinary action by "'warn[ing]'" an inmate to be "'careful' as to what he wrote in his grievances").

However, courts must "evaluate retaliation claims in light of" the U.S. Supreme Court's "disapproval of excessive judicial involvement in day-to-day prison management." *Pratt*, 65 G.3d at 807 (concluding an inmate was unlikely to succeed in proving a retaliation claim because prison officials had a "legitimate reason" for transferring and "double-celling" an inmate).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 9

Mr. Stone must allege enough facts to plausibly show the infraction and threat of disciplinary segregation were adverse actions.  *See Iqbal*, 129 S. Ct. at 1949; *Rhodes*, 408 F.3d at 567-68.

Mr. Stone contends Officer Starr took adverse action against him by knowingly issuing a false infraction and threatening disciplinary segregation because he pursued Grievance 1.  ECF No. 29 at 13-14.  Even if the infraction could be construed as an adverse action when it was first issued, the DOC dismissed it, and Mr. Stone did not suffer any sanction.  ECF No. 29 at 15.  Additionally, it appears the DOC dismissed the infraction in part because it took Mr. Stone's Grievance 1 about count procedures seriously.  ECF No. 28 at 22.  The threat of segregation was never executed.

The Court does not become involved in "day-to-day prison management." *See Pratt,* 65 F. 3d at 807.  Mr. Stone fails to allege facts supporting an adverse action because the prison remedied the issue underlying the infraction.  Therefore, Mr. Stone failed to state a retaliation claim for the infraction and threat of disciplinary segregation.

### *(3) Retaliatory false infraction, December 20, 2008*

Mr. Stone alleges that Officer Starr knowingly issued him a second false infraction to retaliate against him for pursuing his second, third, and fourth grievances.  ECF No. 29 at 16.  As discussed above, Mr. Stone must allege enough

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 10

1    facts to plausibly show the second infraction was an adverse action.  *See Iqbal*, 129

2    S. Ct. at 1949; *Rhodes*, 408 F.3d at 567-68.

3        Mr. Stone states allegations, including: that, on December 17, 2008, Officer

4

5    Starr returned Mr. Stone's second, third, and fourth grievances unsealed and stated

6    to Mr. Stone "you can't win against me so give it up," ECF No. 29 at 16; that the

7

8    next day, Officer Starr woke Mr. Stone at count time to ask, "just you?" ECF No.

9    29 at 16; that on December 20, 2009, Officer Starr allegedly stared at Mr. Stone

10

11   and swung handcuffs to imply a threat of disciplinary segregation, ECF No. 29 at

12   17); and that, later that day, Officer Starr and one other officer issued Mr. Stone a

13

14   second infraction for failing to comply with count procedures, ECF No. 29 at 17;

15   29-10.

16        Because of Officer Starr's conduct between November 26 and December

17

18   20, 2008, Mr. Stone feared Officer Starr's retaliation and consequently failed to

19   timely appeal his second, third, and fourth grievances.  ECF No. 29 at 18.  The

20

21   DOC dismissed the second infraction on December 22, 2008.  ECF No. 29 at 17.

22        Mr. Stone contends Officer Starr took adverse action against him by

23

24   knowingly issuing a second false infraction.  ECF No. 29 at 18.  However, as with

25   the first infraction, even if the second infraction were construed as adverse when it

26

27   was first issued, the DOC dismissed it, and Mr. Stone did not suffer any sanction.

28   ECF No. 29 at 17.  Additionally, it appears the DOC dismissed the infraction in

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT ~ 11

part because it took Mr. Stone's Grievance 1 about count procedures seriously. ECF No. 28 at 22.  Mr. Stone fails to establish an adverse action because the prison remedied the issue underlying the second infraction.

Therefore, Mr. Stone failed to state a retaliation claim for the second infraction.

**Mr. Stone's conspiracy claim**

Finally, Mr. Stone alleges that Defendants conspired to retaliate against him for pursuing Grievance 1 by ordering a cell search and strip search, and by removing files.  ECF No. 29 at 23, 27.

Establishing a conspiracy claim under § 1983 requires a plaintiff to allege "'the existence of an agreement or meeting of the minds' to violate constitutional rights."  *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1991)). "'Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants.'"  *Id.* (quoting *Mendocino Envtl. Ctr.*, 192 F.3d at 1301).  "'To be liable, . . . each participant must at least share the common objective of the conspiracy.'"  *Id.* (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989)). To determine whether Mr. Stone stated a conspiracy claim, the Court must consider the elements of retaliation along with those of conspiracy.  *See Crowe*,

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 12

608 F.3d at 440.  To prove the second element of a prisoner retaliation claim, "retaliatory motive," a plaintiff must show that his or her protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." *Brodheim*, 584 F.3d at 1271 (quoting *Soranno's Gasco*, 874 F.2d at 1314).

To survive a motion to dismiss, a plaintiff must plead enough facts to plausibly show an agreement between co-conspirators to retaliate with the common objective to violate constitutional rights. *See Iqbal*, 129 S. Ct. at 1949; *Brodheim*, 584 F.3d at 1271; *see, e.g.*, *Crowe*, 608 F.3d at 440-41 (affirming summary judgment on a conspiracy claim because the plaintiff failed to show a common objective to violate constitutional rights where a defendant only helped to obtain a confession); *Pratt*, 65 F.3d at 808 (concluding timing alone did not "support the inference" of retaliatory motive); *Bruce*, 351 F.3d at 1289 (concluding that suspect timing, as well as statements and other evidence, supported an inference of retaliatory motive).

Furthermore, a retaliation claim is not plausible if there are "more likely explanations" for the action. *Iqbal*, 129 S. Ct. at 1951; *see, e.g.*, *Pratt*, 65 F.3d at 808.  Plaintiff must allege enough facts to plausibly show Defendants agreed to retaliate against him. *See Iqbal*, 129 S. Ct. at 1949; *Crowe*, 608 F.3d at 440.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 13

Mr. Stone alleges that Officer Starr and another officer issued Mr. Stone a third infraction on December 30, 2008 for allegedly giving "something" to another inmate.  ECF Nos. 29 at 20-21; 28 at 4.

Mr. Stone alleges that the next day that he sat outside the door while C.U.S. Becerra met with Sgt. Adams and Officer Starr for approximately 25 minutes.  ECF No. 29 at 22.  The three DOC officials did not speak with the other officer involved in the third infraction.  ECF No. 29 at 22.

Mr. Stone contends: that in their 25-minute meeting, Defendants conspired to punish Mr. Stone for Grievance 1 and to suppress his use of the grievance program, ECF No. 29 at 22, 27, 29-30; that C.U.S. Becerra and Sgt. Adams ordered officers to search his cell as part of that conspiracy, ECF No. 29 at 22-23, 27, 29-30; that Officer Starr strip searched him as part of that conspiracy, ECF No. 29 at 23, 27, 29-30; and that Defendants removed or destroyed documents to cover up that conspiracy, ECF No. 29 at 25-26.  Mr. Stone argues that the Court can reasonably infer from the closed-door meeting that Defendants "shared a common goal and objective" to violate Mr. Stone's constitutional rights.  ECF No. 29 at 27.  Mr. Stone further alleges that his formal grievance filings and informal complaints by e-mail and oral conversations were a substantial motivating factor in Defendants' joint conduct.  ECF No. 29 at 27.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 14

However, Mr. Stone's allegations of a common objective or retaliatory motive are speculative and rely solely on the timing between searches and a denial of public records requests, on the one hand, and Defendants' meeting and Mr. Stone's filings, e-mails, and oral conversations on the other hand. This evidence of suspect timing, without more, is insufficient to support the inference that Defendants had a common objective or retaliatory motive. *See Pratt*, 65 F.3d at 808; *Crowe*, 608 F.3d at 441.

The Level III response to Mr. Stone's Grievance 5 regarding the searches provides a more likely explanation that Defendants conducted the cell search "because of alleged tobacco possession by [Mr. Stone's] cellmate[.]" ECF No. 29-13. The DOC also searched nine other cells that same day. ECF No. 31 at 10. The Court finds that Mr. Stone's factual allegations and the exhibits supporting his Complaint do not support the claim of a common objective or retaliatory motive in Defendants' conduct.

**Whether the Court should dismiss with leave to amend**

Under the Prison Litigation Reform Act, a court "retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." *Lopez*, 203 F.3d at 1124. Rule 15(a) provides that a court "shall grant leave to amend freely 'when justice so requires.'" *Id.* at 1130 (quoting Fed. R. Civ. P. 15(a)). As a general rule, a court should grant

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 15

leave to amend without request "'unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Liberally allowing pleading amendments is especially important for *pro se* plaintiffs.  *See id.* at 1131.

   The Court previously dismissed Mr. Stone's complaint with leave to amend. Mr. Stone then filed his 34 page amended complaint with 15 exhibits.  ECF No. 29.  However, these amended materials did not add any factual material that changed the Court's analysis of Mr. Stone's claims.  Indeed, this memorandum reaches the same conclusions as the Court's order dismissing Mr. Stone's original complaint because the amended complaint contains all of the same defects.  ECF No. 28.  The Court finds that leave to amend will not cure the deficiencies in the amended complaint.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (leave to amend should be granted where the court finds that amendment could cure the deficiencies in the dismissed complaint).

   Therefore, the Court **GRANTS** the Defendants' Motion, **ECF No. 30**, and **DISMISSES** Mr. Stone's amended complaint **with prejudice**.

   Accordingly, **IT IS HEREBY ORDERED**:

   1.  The Defendants' "Motion to Dismiss Plaintiff's First Amended Complaint," **ECF No. 30**, is **GRANTED**.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 16

2. Mr. Stone's First Amended Complaint, **ECF No. 29**, is **DISMISSED**
**with prejudice**.

3. The District Court Executive is **DIRECTED** to enter judgment in
Defendants' favor.  The parties shall bear their own costs.

4. This case is **CLOSED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this

Order and provide a copy to counsel and Plaintiff.

**DATED** this 25th day of April, 2011.


_____s/ Rosanna Malouf Peterson_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge


**VI. ADDENDUM: TIMELINE OF ALLEGED EVENTS**

| September 23, 2008<br>*Grievance #1*<br>*Level I* | • Mr. Stone filed Grievance #1 (#0822335) regarding Officer Starr's count procedures.  ECF Nos. 29 at 4; 29-1 at 1.<br>• Sgt. Adams's Level I response of October 7, 2008 stated, "The count process does allow the officers the ability to ask an offender (if the offender is perceived to be awake) if there is only one in the cell as the CUS has authorized this process verbally" ECF Nos. 29 at 4; 29-1 at 1.<br>   ○ "Sgt. Adams made a knowingly false statement in his Level I response to Grievance #1 (#0822335)." ECF No. 29 at 7.  This assertion is supported by comparing Sgt. Adams's Level I response with Superintendent Miller-Stout's response at Level II. ECF No. 29 at 7. |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT ~ 17

| October 15, 2008<br>*Grievance #1*<br>*Level II* | • Mr. Stone filed an appeal to Level II for Grievance #1 (#0822335) regarding count procedures.  ECF Nos. 29 at 5; 29-1 at 2.<br>• Superintendent Miller-Stout's Level II response of October 28, 2008 stated, "Officers should not be waking offenders who are sleeping just to ask them if there is another offender in the cell. The unit CUS has not authorized this practice and will see that it does not happen in the future." ECF Nos. 29 at 5-6; 29-1 at 2. |
|---|---|
| **October 22, 2008** | • C.U.S. Becerra called Mr. Stone to his office and discussed count procedures, stating orally that he did not authorize Officer Starr to wake inmates to ask if there was only one in the cell, that it was not Mr. Stone's responsibility to tell officers how many inmates are in the cell, and that he would discuss the matter with staff.  ECF No. 29 at 5. |
| **November 10, 2008**<br>*Grievance #1*<br>*Level III* | • Mr. Stone filed an appeal to Level III for Grievance #1 (#0822335) regarding count procedures.  ECF Nos.29 at 6; 29-1 at 3.<br>• The response on December 4, 2008 stated, "Awakening an inmate is not a practice that is acknowledged unless the inmate cannot be seen breathing or that any part of the body can be seen to determine someone is there. CUS Becerra has indicated that he will address the issue with the unit staff" (Ct. Recs. 29 at 6; 29-1 at 3).<br>    ○ Mr. Stone slept on top of his blankets and could plainly be seen breathing.  ECF No. 29 at 7. |
| **November 14, 2008** | • Officer Starr woke up Mr. Stone at count time and asked, "just you?" ECF No. 29 at 8. |
| **November 24, 2008** | • Mr. Stone sent C.U.S. Becerra an e-mail regarding Officer Starr and Officer Santorsola's "harassing behavior" during count procedures (Ct. Recs. 29 at 8; 29-2 at 1).<br>• C.U.S. Becerra responded on November 25, 2008 that he would "taake [sic] care of it[.]"  ECF Nos. 29 at 9; 29-2 at 1. |
| **November 25, 2008** | • C.U.S. Becerra spoke with Officer Starr about the e-mail Mr. Stone sent on November 24, 2008 (ECF No. 29 at 9). |
| **November 25, 2008** | • Officer Starr woke up Mr. Stone at count time and asked, "Where is your cellie?"  ECF No. 29 at 9. |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 18

| | |
|---|---|
| | ○ Officer Starr was motivated to wake Mr. Stone in response to Mr. Stone's grievance against Officer Starr, Grievance #1 (#0822335).  ECF No. 29 at 9. This assertion is supported by comparing the events between November 14, 2008 and November 25, 2008.  ECF No. 29 at 9. |
| **November 26, 2008**<br>*First Cell Search* | • Officers Starr and Santorsola searched Mr. Stone's cell. ECF Nos. 29 at 9; 29-3 at 1.  No contraband was found. ECF No. 29 at 11.<br>  ○ Officer Starr was motivated to search Mr. Stone's cell in response to Mr. Stone's grievance against Officer Starr, Grievance #1 (#0822335), and in response to the fact that C.U.S. Becerra spoke with Officer Starr about Mr. Stone's e-mail only 24 hours before.  ECF No. 29 at 10. |
| **November 26, 2008** | • Mr. Stone sent C.U.S. Becerra an e-mail alleging retaliation in light of the timing of the cell search and grievances.  ECF Nos. 29 at 10; 29-4 at 1.<br>• C.U.S. Becerra responded on December 2, 2008 that he follows up on each grievance he receives.  ECF No. 29-4 at 1. |
| **November 27, 2008** | • Officer Starr woke up Mr. Stone at count time and asked, "Where is your cellie?"  ECF No. 29 at 12. |
| **November 28, 2008** | • Officers Starr and Debusk woke up Mr. Stone at count time and asked, "Where is your cellie?"  ECF No. 29 at 12.<br>• Mr. Stone did not answer.  ECF No. 29 at 12.<br>  ○ In doing so, Mr. Stone relied on C.U.S. Becerra's oral statement of October 22, 2008 and Superintendent Miller-Stout's Level II response of October 28, 2008.  ECF No. 29 at 12. |
| **November 28, 2008**<br>*First Infraction; Threat of Segregation* | • Officer Starr called Mr. Stone to the break room and issued Mr. Stone an infraction regarding noncompliance with count procedures.  ECF Nos. 29 at 13; 29-5 at 1.<br>  ○ The infraction was dismissed on November 30, 2008.  ECF No. 29 at 17.<br>• Mr. Stone asked, "Who wrote this?", and Officer Starr |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 19

|  |  |  |
|---|---|---|
| | | replied "I did."  ECF No. 29 at 13.
• Mr. Stone attempted to leave the room, but Officer Starr stopped him and stated "Hey stone this is policy I'm doing policy and it don't matter what C.U.S. Becerra says or what [Superintendent Miller-]Stout says, this is policy I'm doing and you need to get the policy changed, and the next time you don't answer my questions at count time I will have you placed in Segragation [sic] for interffering [sic] with count do you understand?"  ECF No. 29 at 13.
    ○ Officer Starr issued this infraction knowing it to be false.  ECF No. 29 at 13.  Officer Starr was motivated to issue the infraction and the threat of segregation in response to Mr. Stone's grievance against Officer Starr, Grievance #1 (#0822335), and in response to the e-mails about Officer Starr exchanged between Mr. Stone and C.U.S. Becerra ECF No. 29 at 14-15. |
| **November 28, 2008** | | • Mr. Stone sent C.U.S. Becerra an e-mail regarding Officer Starr's retaliation and harassment.  ECF Nos. 29 at 15; 29-6 at 1.
• C.U.S. Becerra responded to two different e-mails at once, including this one, on December 2, 2008, stating that he would discuss Mr. Stone's concerns with Officer Starr.  ECF No. 29 at 15. |
| **November 30, 2008** | | • Mr. Stone sent C.U.S. Becerra an e-mail regarding Officer Starr's retaliation and harassment.  ECF Nos. 29 at 15; 29-8 at 1.
• C.U.S. Becerra responded to two different e-mails at once, including this one, on December 2, 2008, stating that he would discuss Mr. Stone's concerns with Officer Starr.  ECF No. 29 at 15. |
| **December 3, 2008** | | • Mr. Stone sent Superintendent Miller-Stout a letter regarding Officer Starr's retaliation and harassment.  ECF No. 29 at 15. |
| **December 16, 2008** | | • Superintendent Miller-Stout sent Mr. Stone a letter stating that she would request a formal investigation because "there may be some merit to your allegations."  ECF Nos. 29 at 15-16; 29-9 at 1. |
| **December 17,** | | • Officer Starr returned Mr. Stone's Grievance #2 |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT ~ 20

| 2008 | (#0829195), Grievance #3 (#0829196), and Grievance #4 (#0829194), stating, "You can't win against me so give it up." ECF No. 29 at 16.<br>• The grievances were unsealed when Officer Starr returned them. ECF No. 29 at 16.<br>   ◦ Officer Starr had a motive and opportunity to read the grievances. ECF No. 29 at 20. |
|---|---|
| **December 18, 2008** | • Officer Starr woke up Mr. Stone at count time and asked, "just you?" (ECF No. 29 at 16). |
| **December 20, 2008** | • Officer Starr stood in view of Mr. Stone, stared at Mr. Stone, and swung handcuffs.<br>   ◦ In so doing, Officer Starr implied a threat of segregation. ECF No. 29 at 17. |
| **December 20, 2008**<br>*Second Infraction* | • Officer Starr and Debusk issued Mr. Stone a second infraction regarding noncompliance with count procedures. ECF Nos. 29 at 17; 29-10 at 1.<br>   ◦ The infraction was dismissed on December 22, 2008. ECF No. 29 at 17.<br>• This second infraction was the same as the first infraction issued on November 28, 2008, except with only a few words changed. ECF No. 29 at 17, 19.<br>   ◦ Because of Officer Starr's conduct between November 26, 2008 and December 20, 2008, Mr. Stone feared Officer Starr's retaliation. ECF No. 29 at 18.<br>   ◦ Mr. Stone failed to timely appeal Grievance #2 (#0829195), Grievance #3 (#0829196), and Grievance #4 (#0829194) on account of this fear. ECF No. 29 at 18. |
| **December 30, 2008** | • Mr. Stone attempted to re-file Grievance #4 (#0829194) regarding Officer Starr's retaliation and harassment. ECF No. 29 at 20. |
| **December 30, 2008**<br>*Third Infraction* | • Officers Starr and Santorsola issued Mr. Stone a third infraction. ECF No. 29 at 20-21. |
| **December 31, 2008** | • Mr. Stone met with C.U.S. Becerra to discuss the third infraction. ECF No. 29 at 21.<br>• C.U.S. Becerra immediately asked, "did you receive your Level III grievance back yet?" ECF No. 29 at 21. |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 21

| | | |
|---|---|---|
| 1 | | • Mr. Stone showed C.U.S. Becerra the third infraction and C.U.S. Becerra asked, "Did you do it?" Mr. Stone answered "no!" C.U.S. Becerra asked, "Was the other inmate written up?" Mr. Stone answered "No!" C.U.S. Becerra stated he would "talk to them." ECF No. 29 at 21-22. |
| 2 | | • C.U.S. Becerra met with Sgt. Adams and Officer Starr for approximately 25 minutes (ECF No. 29 at 22). The three DOC officials did not speak with Officer Santorsola, the infracting officer. ECF No. 29 at 22. |
| 3 | | ◦ During this meeting, Defendants formulated a plan to punish and suppress Mr. Stone for using the grievance program. ECF No. 29 at 27, 29-30. |
| 10 | **December 31, 2008** *Second Cell Search; Strip Search* | • C.U.S. Becerra and Sgt. Adams ordered Officers Wattawa and Ramsey to search Mr. Stone's cell. ECF No. 29 at 22-23. The officers that conducted the search were from a different unit. ECF No. 22-23.
• During the cell search, Officers Starr and Cooper strip searched Mr. Stone, stating "strip down bend over and spread them." ECF No. 29 at 23.
◦ Defendants shared a common goal and objective to punish and suppress Mr. Stone for using the grievance program. ECF No. 29 at 27, 29-30.
◦ Defendants were motivated to conduct the cell search and strip search in response to Mr. Stone's grievances, e-mails, and oral conversations with Defendants. ECF No. 29 at 27, 29-30. |
| 20 | **January 14, 2009** | • C.U.S. Becerra told Mr. Stone that he would conduct the investigation requested by Superintendent Miller-Stout. ECF No. 29 at 23. |
| 22 | **January 16, 2009** | • C.U.S. Becerra called Mr. Stone to his office and asked if Officer Starr was still inquiring if "only one was in the cell?" and asking, "Where is your cellie?" ECF No. 29 at 24. |
| 25 | **January 22, 2009** | • Mr. Stone received a letter from Superintendent Miller-Stout regarding the investigation. ECF Nos. 29 at 24; 29-12 at 1. The letter stated, "After completing the investigation and interviews with staff, I do not find any evidence of harassment or retaliation by C/O Starr. There |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 22

| | | |
|---|---|---|
| | | does appear to be a personality conflict, which has caused a perception by you that staff are harassing you and retaliating against you. . . . Asking offenders in a cell if they have a cellmate is not uncommon. However, if they ask each time they do count, then that would be construed as harassing" ECF No. 29-12 at 2. |
| | |     o  The letter contained C.U.S. Becerra's false statement that Mr. Stone's cell "was not searched in December 2008." ECF Nos. 29 at 24; 29-12 at 1. |
| | |     o  This error occurred because C.U.S. Becerra, Sgt. Adams, and Officer Starr removed or destroyed files to cover up the cell search and strip search of December 31, 2008. ECF No. 29 at 25. |
| **January 22, 2009** | | •  Mr. Stone filed a public records request to track down information that would substantiate his allegations. ECF Nos. 29 at 25; 29-15 at 1. |
| | | •  The response on February 9, 2009 stated that there were no documents responsive to some of Mr. Stone's requests. ECF Nos. 29 at 25; 29-15 at 1. |
| | |     o  This lack of information existed because C.U.S. Becerra, Sgt. Adams, and Officer Starr removed or destroyed files to cover up the cell search and strip search of December 31, 2008 (ECF No. 29 at 25). |
| **April 20, 2009** *Grievance #5* *Level I* | | •  Mr. Stone filed Grievance #5 (#0903340) regarding C.U.S. Becerra's false statements and Defendants' retaliation in the form of infractions, cell searches, and a strip search. ECF Nos. 29 at 25; 29-13 at 1. |
| | | •  The response on April 28, 2009 stated, "There were no Strip Searches conducted on 12-13-08. What you seem to be calling a Cell Search on 12-31-08 were Pruno checks completed on every cell in the unit. . . . I found you have not been able, in any of the grievances including this grievance you filed or letters written, given any information that would bring to light information that substantiates or validates your grievance." ECF No. 29-13 at 1. |
| **May 11, 2009** *Grievance #5* *Level II* | | •  Mr. Stone filed an appeal to Level II for Grievance #5 (#0903340). ECF Nos. 29 at 26; 29-13 at 2. |
| | | •  Superintendent Miller-Stout's Level II response of August |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 23

| | | |
|---|---|---|
| | | 17, 2009 stated, "I find that the letter of 1/21/09 did include erroneous information. It is now established that your cell was searched on 12/31/08. That search was conducted as the result of suspicion that your cellmate had contraband in the cell. It was not due to retaliation against you. Your statement that you were strip searched cannot be validated."  ECF No. 29-13 at 2.<br><br>    ○  The letter contained C.U.S. Becerra's false statement that Mr. Stone's cell "was not searched in December 2008."  ECF Nos. 29 at 24; 29-12 at 1.<br>    ○  Superintendent Miller-Stout here acknowledged that this statement was in error.  ECF Nos. 29 at 24; 29-13 at 2.<br>    ○  This error allegedly occurred because C.U.S. Becerra, Sgt. Adams, and Officer Starr removed or destroyed files to cover up the cell search and strip search of December 31, 2008.  ECF No. 29 at 25, 26. |
| **September 1, 2009**<br>*Grievance #5*<br>*Level III* | | • Mr. Stone filed an appeal to Level III for Grievance #5 (#0903340).  ECF Nos. 29 at 26; 29-13 at 3.<br>• The response on October 27, 2009 stated, "The Level I and II responses appropriately addressed your issue. You have provided no evidence to prove your allegations that staff have lied. There is verification that staff did do a cell search on 12/31/08 for pruno and because of alleged tobacco possession of your cellmate. A search report could be found to verify your claim of strip search"  ECF No. 29-13 at 3.<br><br>    ○  The Level I and II responses did not appropriately resolve Mr. Stone's grievance because DOC officials failed to address Mr. Stone's allegations of false statements, false infractions, and retaliation. ECF No. 29 at 27. |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ~ 24